(79 Misc. Rep. 245.)

BARTHOLDI v. HICKSON.

(Supreme Court, Appellate Term, First Department. February 7, 1913.)

1. MASTER AND SERVANT (§ 43*)—CONTRACT OF EMPLOYMENT—CONSTRUCTION—QUESTION FOR JURY.

A contract of employment as "coat tailor or foreman," which provides that the employé shall devote the necessary time to see that coats are delivered on time and to certify to the workmanship, and to make coats when not otherwise employed as foreman, is a contract of employment primarily as foreman, and as coat tailor only when not otherwise em-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ployed as foreman; but the proper construction of the contract depends on the sense in which the quoted words are used, which is for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 57, 58; Dec. Dig. § 43.*]

2. CONTRACTS (§ 176*)—CONSTRUCTION—QUESTION OF LAW AND FACT.

The interpretation of a written contract is a question of law, except where the interpretation depends on the sense in which the words are used, in which case it is a mixed question of law and fact.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 767–770, 917, 956, 979, 1041, 1097; Dec. Dig. § 176.*]

Appeal from City Court of New York, Trial Term.

Action by Pasquale Bartholdi against Richard J. Hickson. From a judgment of the City Court of the City of New York dismissing the complaint at the close of plaintiff's case, and from an order denying a new trial, in an action on contract of employment for wrongful discharge, plaintiff appeals. Reversed, and new trial ordered.

See, also, 136 N. Y. Supp. 92.

Argued January term, 1913, before SEABURY, LEHMAN, and PAGE, JJ.

Jacob Friedman, of New York City, for appellant.

Samuel L. Weyl of New York City (Max D. Steuer, of New York City, of counsel), for respondent.

LEHMAN, J. The plaintiff was employed by defendant under a written contract reading as follows:

"We agree to employ P. Bartholdi as coat tailor or foreman for a period of one year at a salary of $25 each week. He is to devote such time as is necessary to see that coats are delivered on time by the tailors and to certify to the workmanship being of good standard when completed. He agrees to make coats when not otherwise employed by his duties as foreman."

The plaintiff showed that he worked as foreman for the defendant until his wife became ill. He then absented himself for a few days with defendant's permission. On his return he was told:

"Well, Bartholdi, you know those few days you were home the job as foreman was given away; but if you want to work as tailor cutter you can work."

The plaintiff refused this work, and now brings suit for a wrongful discharge. The court dismissed the complaint, on the ground that the written contract gave the defendant the right to employ the plaintiff exclusively as coat tailor, without giving him any work as foreman.

[1] While the words, "We agree to employ F. Bartholdi as coat tailor *or* foreman," apparently bear out the construction placed upon the contract by the trial justice, the contract must be read as a whole, and the subsequent words show an employment primarily as foreman, and an employment as coat tailor only when the plaintiff was "not otherwise employed by his duties as foreman." In conjunction with the latter part of the contract the words "as coat tailor or foreman" are open to the construction that they were not intended to describe alternative forms of employment, but one form of employment, which the parties describe as "coat tailor or foreman," since

neither term exactly fitted the duties to be performed. The proper construction of the contract, therefore, depends upon the sense in which these words were used, and this question should have been submitted to the jury.

[2] "As a rule, the interpretation of written instruments is with the court as a question of law; but when the interpretation depends upon the sense in which the words are used, or the sense in which the promisor had reason to believe the promisee understood them, a fact to be determined from the relation of the parties and the surrounding circumstances, it would seem that it becomes a mixed question of law and fact. It is not, then, a matter of interpretation merely, but the ascertainment of the minds and intents of the parties." White v. Hoyt, 73 N. Y. 505; Trustees of East Hampton v. Vail, 151 N. Y. 463, 45 N. E. 1030.

Judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.